NATCHITOCHES, AUGUST, 1869. 511

Succession of John A. Ross.    Opposition to Homologation of Account.

No. 82.—Succession of JOHN A. ROSS.    Opposition to Homologation of Account.

Where the clerk of the District Court fails to reduce the testimony to writing and annex it to the record in a suit founded on an opposition to an executor's account, the Supreme Court will remand the cause, with instructions to have the evidence reduced to writing.

APPEAL from the Tenth Judicial District Court, parish of De Soto.  *Weems, J.  R. J. Bowman*, for executor, appellee.  *Elam & Wemple*, for opponents, appellants.

TALIAFERRO, J.  The executors of the decedent filed a provisional account of their administration on the twenty-second September, 1866, which it appears was duly advertised for the required period of time, and that no opposition was made to it.  The account was homologated on the twelfth of October following,  From the judgment homologating the account the Union Bank, represented by its attorney, appealed.

At the August term of this court, 1867, a motion to dismiss this appeal was overruled, and the case continued in order that all the parties in interest might be duly cited.  The appellant alleges that the bank is a creditor of the succession for a large amount, and its interests affected injuriously by the judgment appealed from.  It is averred that upon the account there are large sums set down as due the children of the deceased in right of their mother, without any evidence being introduced to prove the correctness of the items, or, if introduced, it was not committed to writing.  That a part of these claims so allowed are recognized as having privilege on certain movables, and the remainder as secured by legal mortgage on all the lands belonging to the succession.  That these claims, without any proof of their correctness or legality, would absorb the estate, and leave nothing for the ordinary creditors.

The appellees rely upon the regularity, as they allege, of the proceedings and the judgment of homologation, without opposition to the account, and refer to articles 1172 and 1173 of the Civil Code.  These articles apply in the settlement of successions, but article 1042 of the Code of Practice requires " that the testimony of witnesses in causes before the courts of probate shall be taken in writing and annexed to the record, and a list shall be made of such documents as are produced by the parties, and are not annexed to the record, that they may be read on the appeal."  In the case of Tompkins *et uxor v.* Benjamin, tutor, 16 L. R. 197, this court remanded the case for a new trial, because the Judge of Probate failed or neglected to take down the testimony of witnesses on the trial, and the record came up without it.  The same course was pursued in the case of Graham's heirs *v.* Graham's administrator, 16 L. page 201.  And the views taken by the court in these cases were further confirmed and adopted in 17 La. 115, 3 An. 554, and 4 An. 517.  Following the rules thus laid down by these decisions, and believing, moreover, that the ends of justice require it, we deem it proper to remand this case for further proceedings.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed.

It is further ordered that this case be remanded to the court of the first instance, in order that the testimony adduced in support of the various items of the account may be committed to writing, as required by law, and to the end that this court may properly examine and determine the case on appeal.

It is further ordered that the succession pay the costs of this appeal. Rehearing refused.